UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BURTON G. BRUNSON | CIVIL ACTION |
| VERSUS | NO: 23-3109 |
| NANNETTE J. BROWN, ET AL. | SECTION: "A" (5) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 4)** filed by the defendant, Chief United States District Judge Nannette Jolivette Brown. The plaintiff, Mr. Burton G. Brunson, is proceeding pro se and has not responded to the motion. The motion, submitted for consideration on September 27, 2023, is before the Court on the briefs without oral argument.[1]

Mr. Burton G. Brunson has brought this civil action against Chief United States District Judge Nannette Jolivette Brown, attorney Tyler J. Rench and the Jones Walker, LLP law firm, and the City of New Orleans. Mr. Brunson seeks to recover $2,000,331.00 in compensatory damages from the defendants.

The allegations in Mr. Brunson's complaint arise out of Civil Action 17-9853, a case that Mr. Brunson filed pro se in this district to challenge the constitutionality of a $331.00 fee that he incurred to have an immobilizing device removed from a car that he

---

[1] This Court's ruling does not in any manner constitute a sanction or penalty against Mr. Brunson for not filing an opposition to the motion to dismiss. *See Webb v. Morella*, 457 Fed. App'x 448, 452 n.4 (5th Cir. 2012) (unpublished) (explaining that the court cannot grant a motion to dismiss based solely on the non-movant's failure to file an opposition).

had parked in the City of New Orleans. Tyler J. Rench, an attorney with the Jones Walker law firm, represented one of the defendants in the case. Chief Judge Brown was the presiding judge. On August 15, 2018, Chief Judge Brown dismissed Brunson's lawsuit after concluding that he lacked standing to bring the claims at issue.[2] (CA17-9853, Rec. Doc. 26, Order).

Mr. Brunson filed the instant complaint on August 3, 2023. The basis of Mr. Brunson's claim against Chief Judge Brown is that she had promised him a pretrial conference and a trial date in Civil Action 17-9853, and that there were no conditions or qualifications accompanying that promise.[3] (Rec. Doc. 1, Complaint ¶ III(2)). Yet the judge dismissed his lawsuit notwithstanding that he was entitled to his promised day in court. (*Id.* ¶ III(4)).

Chief Judge Brown now moves to dismiss the claim against her contending that the conduct that Mr. Brunson complains about falls squarely within the doctrine of

---

[2] Brunson did not appeal the judgment dismissing Civil Action 17-9853. But nearly four and a half years later, on February 15, 2023, Brunson sent a letter to the Clerk of Court complaining about Chief Judge Brown's handling of the case. That letter was construed as a motion for reconsideration, which Chief Judge Brown denied on February 23, 2023. (CA17-9853, Rec. Doc. 29, Order). Brunson did not appeal that ruling but instead followed up with a second letter to the Clerk of Court in which he clarified that he had not requested reconsideration because he considered Civil Action 17-9853 to be a closed matter. (CA17-9853, Rec. Doc. 30, Letter dated 3/1/2023). In the instant complaint, Brunson once again disputes that he ever moved for reconsideration in Civil Action 17-9853 because to do so would have "present[ed] [him] as contritely begging for due rights, when actually he was demanding due rights." (Complaint ¶ III(22)).

[3] The Court assumes that the "promise" Mr. Brunson refers to is the Scheduling Order that was entered in the case. (CA17-9853, Rec. Doc. 16, Scheduling Order).

absolute judicial immunity.[4]

It is well established that judges are entitled to absolute immunity from suit for judicial acts performed in judicial proceedings. *Mays v. Sudderth*, 97 F.3d 107, 110–11 (5th Cir. 1996) (citing *Pierson v. Ray,* 386 U.S. 547, 553–54 (1967)). Judicial immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citing *Forrester v. White,* 484 U.S., at 227–229 (1988); *Stump v. Sparkman,* 435 U.S. 349, 360 (1978)). Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Id.* (citing *Stumpf*, 435 U.S. at 356–357; *Bradley v. Fisher,* 13 Wall. 335, 351 (1872)). Allegations of error, bad faith, malice, or even corruption are insufficient to overcome judicial immunity. *Id.* at 11 (citing *Pierson,* 386 U.S. at 554).

The defense of absolute judicial immunity is properly raised via a Rule 12(b)(6) motion to dismiss. *See Harry v. Lauderdale Cnty.*, 212 Fed. App'x 344, 345 (5th Cir. 2007) (unpublished). Applying Rule 12(b)(6) standards, the court must accept all well-pleaded facts as true, and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004)). Moreover, a pro se pleading shall be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94

---

[4] Chief Judge Brown also points out that Brunson has failed to effect service in accordance with the Federal Rules of Civil Procedure, which forms an alternative basis for dismissal. The service issue is moot in light of the clear application of absolute judicial immunity, which unlike a dismissal for improper service, carries with it a dismissal *with* prejudice.

(2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

It is beyond cavil that Chief Judge Brown's ruling dismissing Mr. Brunson lawsuit was a judicial act. And no non-frivolous argument can be made that the judicial act of dismissing the lawsuit constituted an act taken outside of Chief Judge Brown's capacity and jurisdiction as a federal district judge. Neither accepting Mr. Brunson's allegations as true nor according his pro se pleading a liberal construction overcomes the defense of absolute judicial immunity to which Chief Judge Brown is entitled under the law. Obviously, Mr. Brunson did not agree with Chief Judge Brown's dismissal of his lawsuit but his recourse was to appeal that decision—which he did not do—not to file a civil lawsuit against her.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 4)** filed by the defendant, Chief United States District Judge Nannette Jolivette Brown, is **GRANTED** and all claims against Chief Judge Brown are **DISMISSED WITH PREJUDICE**.

September 28, 2023

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE