UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BURTON G. BRUNSON                                    CIVIL ACTION

VERSUS                                               NO: 23-3109

NANNETTE J. BROWN, ET AL.                            SECTION: "A" (5)

### ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 10)** filed

by the defendants, attorney Tyler J. Rench and the Jones Walker, LLP law firm. The

plaintiff, Mr. Burton G. Brunson, is proceeding pro se and has not responded to the

motion. The motion, submitted for consideration on November 22, 2023, is before the

Court on the briefs without oral argument.[1]

Mr. Burton G. Brunson has brought this civil action against Chief United States

District Judge Nannette Jolivette Brown, attorney Tyler J. Rench and the Jones Walker,

LLP law firm, and the City of New Orleans. Mr. Brunson seeks to recover $2,000,331.00

in compensatory damages from the defendants.

The allegations in Mr. Brunson's complaint arise out of Civil Action 17-9853, a

case that Mr. Brunson filed pro se in this district to challenge the constitutionality of a

$331.00 fee that he incurred to have an immobilizing device removed from a car that he

---

[1] This Court's ruling does not in any manner constitute a sanction or penalty against Mr. Brunson for not filing an opposition to the motion to dismiss. *See Webb v. Morella*, 457 Fed. App'x 448, 452 n.4 (5th Cir. 2012) (unpublished) (explaining that the court cannot grant a motion to dismiss based solely on the non-movant's failure to file an opposition).

had parked in the City of New Orleans. Tyler J. Rench, an attorney with the Jones

Walker law firm, represented one of the defendants in the case. Chief Judge Brown was

the presiding judge. On August 15, 2018, Chief Judge Brown dismissed Brunson's

lawsuit after concluding that he lacked standing to bring the claims at issue.[2] (CA17-

9853, Rec. Doc. 26, Order).

Mr. Brunson filed the instant complaint on August 3, 2023. The basis of Mr.

Brunson's claim against Chief Judge Brown is that she had promised him a pretrial

conference and a trial date in Civil Action 17-9853, and that there were no conditions or

qualifications accompanying that promise.[3] (Rec. Doc. 1, Complaint ¶ III(2)). Yet the

judge dismissed his lawsuit notwithstanding that he was entitled to his promised day in

court. (*Id.* ¶ III(4)).

On September 29, 2023, the Court entered an Order and Reasons dismissing the

claims against Chief Judge Brown based on absolute judicial immunity. (Rec. Doc. 8).

On October 27, 2023, the Court entered an Order and Reasons dismissing the

---

[2] Brunson did not appeal the judgment dismissing Civil Action 17-9853. But nearly four and a half years later, on February 15, 2023, Brunson sent a letter to the Clerk of Court complaining about Chief Judge Brown's handling of the case. That letter was construed as a motion for reconsideration, which Chief Judge Brown denied on February 23, 2023. (CA17-9853, Rec. Doc. 29, Order). Brunson did not appeal that ruling but instead followed up with a second letter to the Clerk of Court in which he clarified that he had not requested reconsideration because he considered Civil Action 17-9853 to be a closed matter. (CA17-9853, Rec. Doc. 30, Letter dated 3/1/2023). In the instant complaint, Brunson once again disputes that he ever moved for reconsideration in Civil Action 17-9853 because to do so would have "present[ed] [him] as contritely begging for due rights, when actually he was demanding due rights." (Complaint ¶ III(22)).

[3] The Court assumes that the "promise" Mr. Brunson refers to is the Scheduling Order that was entered in the case. (CA17-9853, Rec. Doc. 16, Scheduling Order).

claims against the City of New Orleans because the Court could discern no federal right

of Brunson's that the City of New Orleans had violated. (Rec. Doc. 11). At the City's

suggestion the Court declined to exercise jurisdiction over Brunson's claim related to a

state law public records request.[4]

Attorney Tyler J. Rench and the Jones Walker, LLP law firm now move to dismiss

the claims against them contending that Mr. Brunson's allegations fail to state a claim

upon which relief can be granted.

In the context of a motion to dismiss the Court must accept all factual allegations

in the complaint as true and draw all reasonable inferences in the plaintiff's favor.

*Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v.*

*Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232,

236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the

foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*,

550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most

favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*,

627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418

---

[4] The Court explained that in order to exercise supplemental jurisdiction over state law
claims between non-diverse parties, there must be some non-frivolous basis for original
subject matter jurisdiction yet the Court could discern no federal claim raised by the
allegations in Mr. Brunson's complaint, much less a non-frivolous one. (Rec. Doc. 11, Order
and Reasons at 4 n.4).

(5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

Accepting all factual allegations in Mr. Brunson's complaint as true and drawing all reasonable inferences in his favor, the Court nonetheless can discern no federal right of Brunson's that attorney Tyler J. Rench and the Jones Walker, LLP law firm, both of whom are private actors, violated. The same holds true under state law. The defendants' motion to dismiss has merit as to any claims under either federal or state law and will be granted.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 10)** filed by the defendants, attorney Tyler J. Rench and the Jones Walker, LLP law firm, is **GRANTED**. The complaint is **DISMISSED WITH PREJUDICE** as to Tyler J. Rench and the Jones Walker, LLP law firm.

December 1, 2023

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE